# EXHIBIT 5

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MARIO GONZALEZ, Deceased,            )
through his Successor in             )
Interest, M.G.C., a minor            )
through his mother and Next          )
Friend Andrea Cortez,                ) CASE NOS.:
Individually and as Successor in     ) 4:21-cv-09733-DMR
Interest for MARIO GONZALEZ,         ) 4:22-cv-00718-DMR
Deceased,                            )
                                     )
            Plaintiffs,              )
                                     )
     vs.                             )
                                     )
CITY OF ALAMEDA, a public            )
entity, et al.,                      )
                                     )
            Defendants.              )
_____ )
AND ALL RELATED CASES.               )
_____ )

30(b)(6) DEPOSITION VIA ZOOM OF

RUSSELL WISE

ALAMEDA, CALIFORNIA

MONDAY, FEBRUARY 13, 2023, 10:05 A.M.

Stenographically Reported by:

Carina Valles, CLR
CSR No. 12605

Job No. 273814

A.   Correct.

Q.   The availability of other reasonable and feasible options and their possible effectiveness; correct?

A.   Correct.

Q.   Seriousness of the suspected offense or reason for contact with the individual; correct?

A.   Correct.

Q.   Training and experience of the officer; correct?

A.   Correct.

Q.   Potential for injury to officers, suspects and others; correct?

A.   Correct.

Q.   Whether the person appears to be resisting, attempting to evade arrest by flight or is attacking the officer; correct?

A.   Correct.

Q.   The risk and reasonably foreseeable consequences of escape; correct?

A.   Correct.

Q.   The apparent need for immediate control of the subject or a prompt resolution of the situation; correct?

A.   Correct.

50

Q.   Whether the conduct of the individual being confronted no longer reasonably appears to pose an imminent threat to officers or others; correct?

A.   Correct.

Q.   Prior contacts with the subject or awareness of any propensity for violence; correct?

A.   Correct.

Q.   Any other exigent circumstances; correct?

A.   Correct.

Q.   And obviously, it's a major goal of law enforcement to receive compliance without resorting to physical force at all; correct?

A.   That's correct.  I would add that, you know, the goal is to bring a safe resolution to a potentially violent situation.  That's really what we're doing, is trying to reestablish order, reestablish peace with the community.

Q.   And you had mentioned that -- you asked me which version or what year the department policy that we just looked at was; correct?

A.   That is correct.

Q.   And has there been a change in the Policy 300 since the incident?

A.   Since April 19, 2021?

Q.   2021, yeah.

51

A.   2021, yes, there has been.

Q.   And what was that change?

A.   One of the main changes, if the subject is in the prone position and you get them in handcuffs, you're to -- or you should immediately place them in the recovery position.  I don't know if you know what the recovery position is, but it is essentially trying to put them on their left side, so that way you're not compressing their airways, they're able to breathe, if they regurgitate or vomit, they have a clear airway. And then from there, you know, get them possibly in an upright, seated position.

The other changes to it is, if you are in the -- the suspect or subject is in the prone position and the resistance is so great and you're unable to place them in handcuffs, you shall consider other techniques.  One would be, you, know discontinuing or disconnecting from the subject; de-escalation, maybe using what we call diffusers for pain compliance, your OC pepper spray, Taser, depending on crime, baton.

But, again, the whole goal in that is to avoid positional asphyxiation or restricting the airway of that subject when they're in the prone position.

Q.   So at the time of the incident, the officers were trained that -- well, were not trained that as soon

52

I, CARINA VALLES, CLR, CSR No. 12605, Certified Shorthand Reporter for the State of California hereby certify:

I am the deposition officer that stenographically recorded the testimony in the foregoing deposition and the foregoing transcript is a true record of the testimony given by the deponent;

Prior to being examined the deponent was first duly sworn by me;

I am not a relative or employee or attorney or counsel of any of the parties, nor am I a relative or employee of such attorney or counsel, nor am I financially interested in this action;

Before completion of the deposition, review of the transcript (X) was ( ) was not requested.  If requested, any changes made by the deponent (and provided to the deposition officer) during the period allowed are appended hereto.

Dated this 22nd day of February, 2023.

_____

CARINA VALLES, CLR, CSR No. 12605

119