UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO GONZALEZ, et al.,<br><br>  Plaintiffs,<br><br> v.<br><br>CITY OF ALAMEDA, et al.,<br><br>  Defendants. | Case No. 21-cv-09733-DMR<br><br>**ORDER ON JULY 27, 2023 JOINT DISCOVERY LETTER**<br><br>Re: Dkt. No. 90 |

  The parties filed a joint discovery letter on July 27, 2023 in which the Gonzalez Plaintiffs seek a protective order preventing Edith Arenales from contacting, deposing, or attempting to subpoena their retained experts. [Docket No. 90 (Jt. Letter).] Because Defendants are unable to depose those experts until this dispute is resolved, Defendants request that the expert discovery deadline be continued from September 15, 2023 to September 29, 2023. This matter is suitable for resolution without a hearing. Civ. L.R. 7-1(b). For the following reasons, the Gonzalez Plaintiffs' motion is granted, and Defendants' request is denied as moot.

  On December 8, 2022, the court denied Arenales' motion to consolidate the trial in her case (4:22-cv-00718-DMR) with this case due to conflicts that could prejudice the Gonzalez Plaintiffs. The court consolidated the cases for discovery to promote efficiency given that both involve the same incident. [Docket No. 60.] The deadline for expert disclosures in both cases was July 21, 2023. [Docket No. 74.] The Gonzalez Plaintiffs provided a courtesy copy of their expert disclosures to Arenales' counsel on July 21, 2023. Jt. Letter at 1. They assert that Arenales subsequently served expert disclosures designating the Gonzalez Plaintiffs' experts as her own. *Id.* Arenales concedes that she did not retain these experts. Instead, she contends that she "decided to mutually identify/designate [the Gonzalez Plaintiffs]' experts[.]" *Id.* at 3. In other words, Arenales admits that even though she failed to retain them, she seeks to designate the

1  Gonzalez Plaintiffs' experts as her own and use their work and testimony.

2  Arenales argues that *Penn Nat. Ins. v. HNI Corp.*, 245 F.R.D. 190, 194 (M.D. Pa. 2007) is "directly on point," relying on that court's analysis of Federal Rules of Procedure 26(b)(2) and 26(b)(4)(a). *See Jt. Letter* at 3, 4. In *Penn Nat. Ins.*, the court noted that "[o]nce an expert is designated and his report submitted pursuant to Rule 26(b)(2), another party may depose the expert pursuant to Rule 26(b)(4)(A). This deposition testimony may then be admissible at trial should the expert become unavailable or as the basis for impeachment." 245 F.R.D. at 193. *Penn Nat. Ins.* is readily distinguishable. Arenales is not a party in this case, and the *Gonzales* and *Arenales* cases have not been consolidated for trial. Therefore, Rule 26(b)(4)(A) is inapposite.

Arenales could have retained the experts before the deadline (assuming the experts agreed to work on her behalf.) Arenales cannot now lay claim to that expert work, either by "designating" them as her own or by participating in their depositions. As noted by the Gonzalez Plaintiffs, allowing Arenales' counsel to take part in the expert depositions, presumably to develop testimony helpful to Arenales, would be prejudicial to their case because among other things, Arenales' questions could open the experts up to cross-examination by Defendants they would not otherwise face. Jt. Letter at 2.

Accordingly, the Gonzalez Plaintiffs' motion for a protective order is granted to the extent it bars Arenales' counsel from designating the experts as her own, participating in their depositions in this case, or attempting to subpoena them for her trial.[1]

//
//
//
//
//
//

---

[1] The Gonzalez Plaintiffs' request to bar Arenales' counsel from "contacting" the experts is denied as overbroad. For example, Arenales' counsel should not be prevented from contacting them to try to retain them in another case.

2

Defendants request that the expert discovery deadline be continued to September 29, 2023. At the August 10, 2023 hearing on Defendants' motions for summary judgment, the parties represented that the first expert deposition is scheduled on August 23, 2023. Because that deposition can now proceed as scheduled, Defendants' request is denied as moot.

**IT IS SO ORDERED.**

Dated: August 11, 2023

_____
Donna M. Ryu
Chief Magistrate Judge