Gregory M. Fox, State Bar No. 070876
Thomas Ly, State Bar No. 333883
BERTRAND, FOX, ELLIOT, OSMAN & WENZEL
2749 Hyde Street
San Francisco, California 94109
Telephone: (415) 353-0999
Facsimile:  (415) 353-0990
Email:       gfox@bfesf.com
             tly@bfesf.com

Yibin Shen, City Attorney, State Bar No. 233545
CITY OF ALAMEDA
CITY ATTORNEYS' OFFICE
2263 Santa Clara Ave 280
Alameda, CA 94501
Telephone: (510) 747-4750
Facsimile: (510) 865-4028
Email:       yshen@alamedacityattorney.org

Attorneys for Defendants
CITY OF ALAMEDA, ERIC MCKINLEY,
JAMES FISHER, AND CAMERON LEAHY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO GONZALEZ, Deceased, through his Successor in Interest, M.G.C., a minor through his mother and Next Friend Andrea Cortez, individually and as successor in interest for MARIO GONZALEZ, Deceased,<br><br>　　　　Plaintiff,<br><br>v.<br><br>CITY OF ALAMEDA, a public entity; ALAMEDA POLICE OFFICERS ERIC MCKINLEY, JAMES FISHER, and CAMERON LEAHY, and DOES 1-10, Jointly and Severally,<br><br>　　　　Defendants. | Case No. 4:21-cv-09733-DMR<br><br>**MOTION IN LIMINE TO EXCLUDE CUMULATIVE EXPERT TESTIMONY**<br><br>Trial Date:　　November 6, 2023<br>Time:　　　　9:00 a.m.<br>Court Room:　4 – 3rd Floor<br><br>**Hon. Donna M. Ryu** |

PLEASE TAKE NOTICE that Defendants hereby move this Court for an order excluding any and all testimony, evidence, references to evidence or argument relating to the testimony of the following of Plaintiff's experts, both retained and not retained:

(1) Dr. Martin Chenevert - Emergency Medicine

(2) Dr. Daniel Wohlgelernter - Cardiologist

(3) Dr. John J. Ryan - Internal Medicine and Cardiovascular Medicine

(4) Dr. Michael D. Freeman- Forensic Medicine and Epidemiolgy

(5) Dr. Bennet Omalu - Pathologist.

This motion is based upon the ground that the testimony of each of these witnesses is cumulative to the testimony of each of the other other designated witnesses, and therefore should be excluded by the Court.

This motion is made under the provisions of Federal Rules of Evidence 103, 403, and 611 and supporting case law; and is based on the attached Memorandum of Points and Authorities, the pleadings and papers on file in this action, and upon such of the argument and evidence as may be presented prior to or at the hearing of this matter.

## MEMORANDUM OF POINTS AND AUTHORITIES

**A.    The Court May Limit the Number of Expert Witnesses Called to Testify**

This Court has the authority under the Federal Rules of Evidence to limit the number of witnesses that are called by a party to testify to a specific point. This is because Federal Rule of Evidence 403 specifically states as follows: "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . needlessly presenting cumulative evidence." (Fed. R. Evid. 403; *see also United States v. Hooton*, 662 F.2d 628, 635-36 (9th Cir. 1981).)

In addition, Federal Rule of Evidence 611 states in relevant part: "The court should exercise reasonable control over the mode and order of examining witnesses and presenting evidence so as to: . . . avoid wasting time." Further support for this Court's authority to limit the number of witnesses called for a specific issue is found in Federal Rule of Civil Procedure 16, which states in relevant part: "At any pretrial conference, the court may consider and take appropriate action on the following matters . . . (D) avoiding unnecessary proof and cumulative evidence, and limiting the use of testimony under Federal

Rule of Evidence 702 . . . ." Case law also supports this Court's authority to limit the number of expert witnesses that will be called to testify in this action. (*See e.g.*, *U.S. v. McCollum*, 732 F.2d 1419, 1426 (9th Cir. 1984).)

<u>Plaintiff's retained experts are cumulative.</u>

A. Martin Chenevert Rule 26 Report listed the following opinions.

1. Patient Mario Gonzalez died as a result of restraint-related asphyxia;
2. The physical actions of the police prior to prone restraints caused severe psychological stress and predisposed him to restraint related asphyxia and severe metabolic acidosis;
3. The mechanism of death was a combination of restraint related asphyxia and severe metabolic acidosis;
4. Mr. Gonzalez initial cardiac rhythm when paramedics arrived was asystole, or "flatline". This is consistent with cardiac arrest due to asphyxiation, and not consistent with cardiac arrest from methamphetamine toxicity. Further cardiac rhythm strips showed "PEA" or "pulseless electrical activity" a rhythm also associated with asphyxiation and not associated with amphetamine toxicity;
5. Methamphetamine intoxication while it may have caused unusual and nonsensical behavior in Mr. Gonzalez did not cause his death.
6. Alcohol intoxication was not a factor in Mr. Gonzalez as he had no alcohol in his system when he died.

B. Daniel Wohlgelernter Rule 26 Report listed the following opinions:

1. Mr. Gonzalez died from asphyxia due to compression of back, torso and extremities with concomitant development of metabolic acidosis with resultant respiratory compromise and subsequent development of hypoxia/hypoxemia causing PEA and cardiac arrest ;
2. Mr. Gonzalez death also had non-restraint related factors including acute methamphetamine toxicity and pre-existing cardiovascular disease.
3. Methamphetamine not a cause of Mr. Gonzalez cardiac arrest and death because his monitored heart rhythm was PEA and his blood test levels of methamphetamine
4. The cardiac pathology discovered by the County Medical Examiner was a significant

contributing factor to Mr. Gonzalez's death.

C. John J. Ryan Rule 26 Report listed the following opinions.
1. Mr. Gonzalez did not die from chronic or acute toxic effects of methamphetamine because there were no signs of chronic cardiopulmonary toxicity from methamphetamine in either the clinical case or on autopsy.
2. The patient was in PEA upon arrival at Alameda Hospital.
3. The measured methamphetamine levels did not contribute to the death of Mr. Gonzalez.
4. Prone position limited Mr. Gonzalez's ability to breathe.
5. The patient died from restraint asphyxia not physiological stress of altercation and restraint given his PEA;
6. There is no evidence of metabolic acidosis.

D. Michael D. Freeman Rule 26 Report listed the following opinions.
1. Mr. Gonzalez death was caused by hypoxia- triggered cardiopulmonary arrest due to asphyxia prone chest/abdomen compression;
2. Methamphetamine intoxication was not a cause of death.
3. Alcoholism was not a cause of death.
4. Obesity was not a cause of death except for mechanical restriction of the abdomen caused to his breathing.
5. An enlarged heart was not a cause of death.

E. Bennet Omalu listed the following opinions.
1. Restraint Asphyxiation.
2. Obesity.
3. Enlarged heart.
4. Post-Mortem Toxicology Methamphetamine not the cause of death.
5. Type 2 myocardial infarction.

It is plain from their respective reports that **the experts will each cover the same subject matter** with the same opinions. The testimony is repetitive and cumulative. Therefore for these reasons, such repetitive, duplicative , duplicative  and cumulative should be excluded . (*See U.S. v. McCollum*, 732

4

MOTION IN LIMINE TO EXCLUDE CUMULATIVE EXPERT TESTIMONY
*Gonzalez v. City of Alameda, et al.* | Case No. 4:21-cv-09733-DMR

F.2d 1419 (9th Cir. 1984) Id. 1426, 1439.

Allowing the testimony of these witnesses will add hours, if not days, of needless duplicate testimony. The duplicative testimony is prejudicial to Defendants. Duplicative expert testimony is particularly dangerous because it creates the risk that a jury "will resolve the differences in expert opinion by counting heads instead of by giving fair consideration to the quality and credibility of each expert's opinions." (*See Cantu v. United States*, 2015 WL 12743881, at *8 (noting that, though the risk was not present in that case because it was a <u>bench</u> trial, "'unnecessarily similar and cumulative expert testimony may create the risk that a jury will resolve differences in expert opinion by counting heads instead of by giving fair consideration to the quality and credibility of each expert's opinions' ***and thus weighs in favor of exclusion of cumulative evidence*** . . . .") (emphasis added) (internal quotation marks omitted) (quoting *Royal Bahamian Ass'n, Inc. v. QBE Ins. Corp.*, 2010 WL 4225947, at *2 (S.D. Fla. Oct. 21, 2010).) Under the authority of Federal Rules of Evidence 403 and 611 and the additional citations discussed above, this Court has the authority to limit the number of Plaintiff's experts, and should exercise that authority here.

**B.    This Court May Preclude Evidence That Will Waste Time**

Federal Rule of evidence states: "The court may exclude evidence if its probative value is substantially outweighed by a danger of . . . wasting time . . ." In addition, Federal Rule of Evidence 611 states in relevant part: "The court should exercise reasonable control over the mode and order of examining witnesses and presenting evidence so as to: . . . avoid wasting time." Case law also supports this Court's authority to exclude evidence because it will waste time. (*See e.g.*, *Walters v. City of San Diego*, 2016 WL 8458722 at *3 (S.D. Cal. Aug. 29, 2016) .

As indicated above, Plaintiff's retained experts are cumulative.  Allowing the testimony will prolong this trial significantly, wasting the valuable time and resources of the Court and all other participants, while adding nothing new to the evidence and prejudicing Defendants.

**CONCLUSION**

Based upon the above Points and Authorities, the Defendants respectfully request that this Court limit Plaintiff's expert testimony as requested herein.

| | |
|---|---|
| Dated: October 5, 2023 | BERTRAND, FOX, ELLIOT, OSMAN & WENZEL |
| | By:  /s/ *Gregory M. Fox* |
| | Gregory M. Fox |
| | Attorneys for Defendant |
| | CITY OF ALAMEDA, ERIC MCKINLEY, JAMES FISHER, AND CAMERON LEAHY |

MOTION IN LIMINE TO EXCLUDE CUMULATIVE EXPERT TESTIMONY
*Gonzalez v. City of Alameda, et al.* | Case No. 4:21-cv-09733-DMR