UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MARIO GONZALEZ, et al.,

Plaintiffs,

v.

CITY OF ALAMEDA, et al.,

Defendants.

Case No. 21-cv-09733-DMR

**ORDER ON MOTION TO CERTIFY DEFENDANTS' INTERLOCUTORY APPEAL AS FRIVOLOUS**

Re: Dkt. No. 117

This case arises out of the April 2021 death of Mario Gonzalez following his detention by Defendants Eric McKinley, James Fisher, and Cameron Leahy, all City of Alameda police officers. Plaintiff M.G.C. filed suit both individually and as Mr. Gonzalez's successor-in-interest, alleging constitutional violations and related state law claims against the three officers and the City of Alameda.

On September 22, 2023, Defendants' motion for summary judgment was granted in part and denied in part. [Docket No. 109 ("Order on MSJ").] Specifically, the court granted summary judgment on M.G.C.'s Fourteenth Amendment claim as well as his individual Bane Act claim. The court denied the rest of Defendants' motion, including their assertion of qualified immunity as to the Fourth Amendment claim for excessive force.[1]

Defendants timely filed a Notice of Appeal challenging the denial of qualified immunity. [Docket No. 113.] Plaintiffs now move to certify that appeal as frivolous so that all claims may proceed to trial. [Docket Nos. 117 ("Mot."); 189 ("Reply").] Defendants oppose. [Docket No.

---

[1] On October 2, 2023, the court granted the parties' stipulated request to dismiss Plaintiffs' claims for: (1) unlawful detention in violation of the Fourth Amendment against Officers McKinley, Fisher, and Leahy; (2) unlawful arrest in violation of the Fourth Amendment against Officer Leahy; and (3) punitive damages under California law against Officers McKinley, Fisher, and Leahy. [Docket No. 115.]

187 ("Opp'n").] For the following reasons, Plaintiffs' motion is denied.

## I. BACKGROUND

The facts of this case are set forth in detail in the summary judgment order. Order on MSJ at 2-13. The court does not revisit them here.

## II. LEGAL STANDARD

To the extent a district court's denial of a claim of qualified immunity turns on an issue of law, the defendant may file an interlocutory appeal. *Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985). The right to interlocutory appeal exists because qualified immunity is an immunity from suit rather than a defense to liability, and the immunity "is effectively lost if a case is erroneously permitted to go to trial." *Id.* at 526. In general, an appeal of an order denying qualified immunity divests the district court of jurisdiction to proceed with trial on the issues involved in the appeal. *Martinez v. City of Pittsburg*, No. 17-CV-04246-RS, 2019 WL 1491676, at *1 (N.D. Cal. Apr. 4, 2019) (citing *Chuman v. Wright*, 960 F.2d 104, 105 (9th Cir. 1992)).

Courts have noted that permitting a defendant to appeal a denial of qualified immunity often disadvantages the plaintiff, as "[d]uring the appeal memories fade, attorneys' meters tick, judges' schedules become chaotic (to the detriment of litigants in other cases). Plaintiffs' entitlements may be lost or undermined." *Sialoi v. City of San Diego*, No. 11-CV-2280 JLS (KSC), 2014 WL 12669563, at *2 (S.D. Cal. Sept. 15, 2014) (quoting *Apostol v. Gallion*, 870 F.2d 1335, 1339 (7th Cir. 1989)). "Recognizing the importance of avoiding uncertainty and waste, but concerned that the appeals process might be abused to run up an adversary's costs or to delay trial, [the Ninth Circuit has] authorized the district court to go forward in appropriate cases by certifying that an appeal is frivolous or waived." *Rodriguez v. Cnty. of Los Angeles*, 891 F.3d 776, 790–91 (9th Cir. 2018).

A "frivolous qualified immunity claim is one that is unfounded," while a "forfeited qualified immunity claim is one that is untimely or dilatory." *Marks v. Clarke*, 102 F.3d 1012, 1017 n.8 (9th Cir. 1996) (quoting *Apostol*, 870 F.2d at 1339). "An appeal that is wholly without merit is one that is 'so baseless that it does not invoke appellate jurisdiction,' such as when 'the disposition is so plainly correct that nothing can be said on the other side.'" *J.P. by & through*

2

*Villanueva v. Cnty. of Alameda*, No. 17-CV-05679-YGR, 2018 WL 3845890, at *2 (N.D. Cal. Aug. 13, 2018) (citing *Schering Corp. v. First DataBank Inc.*, No. C 07-01142 WHA, 2007 WL 1747115, at *3 (N.D. Cal. June 18, 2007) (quoting *Apostol*, 870 F.2d at 1339)). The "power [to certify an appeal as frivolous] must be used with restraint." *Id.* (quoting *Apostol*, 870 F.2d at 1339).

## III. DISCUSSION

In their opening brief, Plaintiffs argue that Defendants' interlocutory appeal should be certified as frivolous for three reasons. They contend that (1) Defendants' appeal inappropriately challenges this court's finding of material factual disputes for trial, as opposed to an issue of law; (2) there can be no serious dispute that the officers' conduct violated clearly established law; and (3) there is no legal basis to appeal the court's denial of summary judgment of the state law claims. In opposition, Defendants clarify that the interlocutory appeal challenges only whether, viewing the evidence in the light most favorable to Plaintiffs, the officers' conduct violated clearly established law. *See* Opp'n at 4. Plaintiffs thus narrow their arguments on reply, asserting that viewing the facts in the light most favorable to them, Defendants' appeal of the denial of qualified immunity is "hopeless." Reply at 2.

This court held that "[a]t the time of Mr. Gonzalez's detention and arrest, the law was clearly established that the use of prolonged pressure on a suspect lying prone on the ground in handcuffs is capable of causing serious injury or death, and that the use of such force was not reasonable under the circumstances." Order on MSJ at 35 (citing *Drummond ex rel. Drummond v. City of Anaheim*, 343 F.3d 1052, 1058 (9th Cir. 2003)). Defendants contend that the factual dissimilarities between this case and *Drummond* preclude a finding that Defendants were clearly on notice that their actions were constitutionally excessive. Opp'n at 5. Therefore, the central issue posed by this motion is whether Defendants' qualified immunity arguments are so wholly without merit they don't stand a chance of prevailing on appeal.

The qualified immunity analysis begins by "looking to binding preceding from the Supreme Court or [the Ninth Circuit]." *Martinez v. City of Clovis*, 943 F.3d 1260, 1275 (9th Cir. 2019). "The precedent must be 'controlling'—from the Ninth Circuit or the Supreme Court—or

3

otherwise be embraced by a 'consensus' of courts outside the relevant jurisdiction." *Id.* (citation omitted). This court relied on the Ninth Circuit's decision in *Drummond* to conclude that the officers' conduct violated "clearly established" law under the Fourth Amendment.

In *Drummond*, the decedent was "hallucinating and in an agitated state" when officers found him in a parking lot. He was unarmed. While waiting for an ambulance to transport him to a medical facility, three officers decided to take him into custody "for his own safety." 343 F.3d at 1054. The officers "knock[ed] [him] to the ground" and cuffed his hands behind his back as Drummond lay on his stomach. *Id.* Although Drummond offered no resistance, two officers each placed their full body weight on his back using their knees, with one officer placing a knee on his neck. *Id.* Drummond "repeatedly told the officers that he could not breathe and that they were choking him" but the officers remained on top of him. *Id.* at 1054-55. Approximately 20 minutes after he was taken to the ground, officers bound his ankles, and one minute later Drummond went limp and lost consciousness. He sustained brain damage and is in a permanent vegetative state. *Id.* at 1055.

*Drummond* held that the force allegedly used by the officers "was severe and, under the circumstances, capable of causing death or serious injury" and that the *Graham* factors for assessing force "would have permitted the use of only minimal force once Drummond was handcuffed and lying on the ground." *Id.* at 1056, 1058. The Ninth Circuit concluded that "some force was surely justified in restraining Drummond so that he could not injure either himself or the arresting officers" but "after he was handcuffed and lying on the ground, the force that the officers then applied was clearly constitutionally excessive when compared to the minimal amount that was warranted." *Id.* at 1059. It continued, "[t]he officers—indeed, any reasonable person— should have known that squeezing the breath from a compliant, prone, and handcuffed individual despite his pleas for air involves a degree of force that is greater than reasonable." *Id.*

This court held that, viewing the evidence in the light most favorable to Plaintiffs and drawing all reasonable inferences in their favor, a jury could conclude that Mr. Gonzalez was not suspected of having committed a violent crime, did not pose an immediate threat to the officers' safety and was only passively resisting the officers, and the officers had reasonable alternatives to

4

using force or to maintaining Mr. Gonzalez in a prone position for over five minutes, including three minutes and 45 seconds after he was handcuffed.[2] Order on MSJ at 31. Relying on these facts and citing *Drummond*, the court concluded that Defendants were not entitled to qualified immunity on the excessive force claim. *Id.* at 35.

While the court stands by its denial of qualified immunity, there is room for the Ninth Circuit to disagree. "[A] district court's belief that parties are unlikely to prevail on appeal is insufficient alone to warrant certification of the appeal as frivolous." *Suzuki v. Cnty. of Contra Costa*, No. 18-CV-06963-SI, 2019 WL 4674418, at *2 (N.D. Cal. Sept. 25, 2019). Here, Defendants highlight at least three factual differences in *Drummond*. First, Drummond had a history of mental illness known to the defendant officers. *See* Opp'n at 8 (citing *Drummond*, 343 F.3d at 1054). Second, Drummond repeatedly said he could not breathe while the defendant officers continued to put weight on his back and neck. *Id.* Third, the defendant officers in *Drummond* applied a hobble restraint on the decedent's ankles 20 minutes after he was taken to the ground. *Id.*

Factual differences between *Drummond* and this case prevent the court from certifying the interlocutory appeal as frivolous. While qualified immunity "does not require a case directly on point for a right to be clearly established, existing precedent must have placed the statutory or constitutional question beyond debate," and factual dissimilarities can lead to a different outcome.

---

[2] Plaintiffs argue that, accepting the facts in the light most favorable to Plaintiffs, Defendants (and the court) must assume the following to be true: 1) Defendants arrested Mr. Gonzalez without probable cause; 2) the force the Officers sued to arrest Mr. Gonzalez posed a substantial risk of causing death or serious bodily injury, thereby constituting deadly force; 3) Mr. Gonzalez had committed no serious crime; 4) Mr. Gonzalez never posed a serious threat to Defendants or others; 5) Mr. Gonzalez's resistance to Defendants' handcuffing and prone restraint was passive resistance, and further was authorized in his own self-defense from Defendants' uses of excessive force; 6) Defendants kept Mr. Gonzalez in prone restraint, with substantial weight on his back, for over 5 minutes, with 3 minutes 45 seconds of the prone, weighted restraint occurring after he was handcuffed and there was no need for any force; 7) Mr. Gonzalez's respiratory distress was obvious during the 3 minutes and 45 second period in which Defendants continued to restrain him after he was handcuffed; 8) Defendants violated their own training in their restraint of Mr. Gonzalez; and 9) Defendants' force and prone restraint caused Mr. Gonzalez's death. Reply at 1-2. Although Plaintiffs' recitation of accepted facts is broader than those stated in the summary judgment order, Plaintiffs' formulation does not change the outcome because, as discussed in this order, it does not reach the factual differences between this case and *Drummond* that could lead to the Ninth Circuit's reversal of the denial of qualified immunity.

1 *Kisela v. Hughes*, 138 S. Ct. 1148, 1152 (2018) (per curiam) (quoting *White v. Pauly*, 580 U.S. 73,

2 79 (2017)); *see also Mullenix v. Luna*, 577 U.S. 7, 11-12 (2015) (per curiam) ("[S]pecificity is

3 especially important in the Fourth Amendment context, where . . . it is sometimes difficult for an

4 officer to determine how the relevant legal doctrine, here excessive force, will apply to the factual

5 situation the officer confronts." (cleaned up)).

6 Plaintiffs cite to several unpublished Ninth Circuit decisions for the proposition that

7 *Drummond* "clearly established the unlawfulness of varying degrees of force used on prone

8 subjects."[3] Mot. at 9 n.3. For starters, these cases are not precedent and may only be considered

9 for their persuasive value. CTA9 Rule 36-3; Fed. R. App. P. 32.1. In any event, they serve to

10 illustrate that the Ninth Circuit could disagree with this court's qualified immunity analysis.

11 Most pointedly, in *Perkins v. Edgar*, No. 21-55552, 2022 WL 14476272 (9th Cir. Oct. 25,

12 2022), two judges affirmed the district court's denial of qualified immunity on a Fourth

13 Amendment excessive force claim, concluding that the defendant officers were on notice that their

14 conduct violated clearly established law under *Drummond* when they placed their bodyweight

15 onto the plaintiff's back and neck area while he lay handcuffed on his stomach. 2022 WL

16 14476272, at *1. In dissent, Judge Ikuta opined that *Drummond* did not make it sufficiently clear

17 to every reasonable official that the force used was excessive. The dissenting opinion notes that

18 *Drummond* was "materially distinguishable," where Perkins "neither pleaded for air nor

19 communicated that he was struggling to breathe." *Id.*, at *3. It is worth noting that like Mr.

20 Perkins, Mr. Gonzalez did not verbally communicate that he was unable to breathe. Stated

21 plainly, a sitting Ninth Circuit judge has opined that this constitutes a material factual difference

22 for the qualified immunity analysis.

23 Because the court cannot conclude that Defendants' appeal is unfounded or so baseless that

---

[3] Plaintiffs cite the following cases: *Barrera v. Krause*, No. 22-15542, 2023 WL 2064512 (9th Cir. Feb. 17, 2023); *Perkins v. Edgar*, No. 21-55552, 2022 WL 14476272 (9th Cir. Oct. 25, 2022); *Martinez v. City of Pittsburg*, 809 F. App'x 439 (9th Cir. 2020); *Abston v. City of Merced*, 506 F. App'x 650 (9th Cir. 2013); *Agster v. Maricopa Cnty. Sheriff's Off.*, 144 F. App'x 594 (9th Cir. 2005); *Arce v. Blackwell*, 294 F. App'x 259 (9th Cir. 2008); *Sandoval v. Hish*, 461 F. App'x 568 (9th Cir. 2011); *Zelaya v. Las Vegas Metro. Police Dep't*, 682 F. App'x 565 (9th Cir. 2017).

United States District Court
Northern District of California

6

1     it satisfies the high standard for a frivolous appeal, *see Marks*, 102 F.3d at 1017 n.8, Plaintiffs'
2     motion is denied. The excessive force claim against the officers remains automatically stayed
3     pending interlocutory review.
4           The court now addresses Defendants' request to stay the remaining unlawful arrest claim[4]
5     and related state law claims. Plaintiffs argue that Defendants did not make a formal motion to
6     stay. This is a technicality. Defendants' opposition brief clearly requests a stay of the entire
7     action pending appeal of the denial of summary judgment on qualified immunity. *See* Opp'n at
8     11-12.
9           Having considered the various permutations of going forward with the remaining claims
10    and the potential outcomes in relation to the possibility of a second trial, the court is convinced
11    that allowing certain claims to proceed to trial while the appeal is pending could seriously impede
12    efficiency and clarity. The court is mindful of the downside risks of delay. Nevertheless, the case
13    management issues weigh strongly against moving forward at this time. *See Lockyer v. Mirant*
14    *Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (listing "competing interests" courts must weigh in
15    deciding whether to issue a stay, including "the possible damage which may result from the
16    granting of a stay, the hardship or inequity which a party may suffer in being required to go
17    forward, and the orderly course of justice measured in terms of the simplifying or complicating of
18    issues, proof, and questions of law which could be expected to result from a stay"). Therefore, the
19    court exercises its discretion to stay the entire action pending appeal.
20    //
21    //
22    //
23    //
24    //

---

[4] Plaintiffs argue that Defendants waived their qualified immunity arguments on the unlawful arrest claim, and therefore have no basis to appeal the denial of qualified immunity on that claim. Reply at 1. Because the court finds that Defendants' appeal of the denial of qualified immunity on the excessive force claim is not frivolous, it need not decide at this time whether Defendants waived qualified immunity arguments on the unlawful arrest claim.

7

//

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs' motion to certify Defendants' interlocutory appeal as frivolous is denied. The entire case is stayed pending appellate review of Defendants' interlocutory appeal.

**IT IS SO ORDERED.**

Dated: October 16, 2023

_____
Donna M. Ryu
Chief Magistrate Judge