UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO GONZALEZ, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF ALAMEDA, et al.,<br><br>Defendants. | Case No. 21-cv-09733-DMR<br><br>**ORDER ON PLAINTIFF ARENALES' MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED**<br><br>Re: Dkt. No. 92 |

Pending before the court is Plaintiff Edith Arenales' Motion to Consider Whether Another Party's Material Should be Sealed. [Docket No. 92.] The Gonzalez Plaintiffs, as the designating party, filed a statement in support of Arenales' motion. [Docket No. 94.] The Gonzalez Plaintiffs ask the court to seal a footnote in the parties' July 27, 2023 joint discovery letter (the "JDL") referring to an email sent by Julia Sherwin, the Gonzalez Plaintiffs' counsel, to a legal listserv.[1] The court ruled on the JDL on August 11, 2023. [Docket No. 100.]

There is a "strong presumption in favor of access" to court records. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). Accordingly, courts generally apply a "compelling reasons" standard when considering motions to seal documents. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (citing *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)). Nevertheless, the Ninth Circuit has carved out an exception to "the presumption of access" to records for non-dispositive motions like the JDL. *See Kamakana*, 447 F.3d at 1179. Parties moving to seal such records must meet the lower "good

---

[1] Sherwin filed a declaration in support of the JDL and the motion to seal. [Docket No. 91.] Arenales objects to Sherwin's declaration and to the sealing request. [Docket Nos. 93, 96.] Because Sherwin's declaration was filed in violation of this court's Standing Order (Section 14), the court does not consider it.

cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure. *Id.* at 1179–80 (quotation omitted).

The court finds good cause to seal the footnote at issue because Sherwin's email is "entirely irrelevant" to the parties' discovery dispute, the court's August 11, 2023 ruling, and this action. *See Kamakahi v. Am. Soc'y for Reprod. Med.*, No. 11-CV-01781-JCS, 2015 WL 5168530, at *1 (N.D. Cal. Sept. 2, 2015) (finding good cause to redact racial and ethnic information in exhibit on same grounds); *see also Apple Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214, 1222–23 (Fed. Cir. 2013) ("evidence which a trial court rules inadmissible—either as irrelevant or inappropriate—seems particularly unnecessary to the public's understanding of the court's judgment").

For the foregoing reasons, Arenales' motion to seal is granted.

**IT IS SO ORDERED.**

Dated: December 4, 2023

_____
Donna M. Ryu
Chief Magistrate Judge